# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTINA HOWE<br>326 Summit Street<br>Kenton, Ohio 43326,<br><br>    Plaintiff,<br><br>    v.<br><br>WILSON SPORTING GOODS CO.<br>217 Liberty Street<br>Ada, Ohio 45810<br><br>  **Serve Also:**<br>  Wilson Sporting Goods Co.<br>  c/o CT Corporation System<br>  4400 Easton Commons Way<br>  Suite 125<br>  Columbus, Ohio 43219<br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED<br>HEREIN** |

Plaintiff, Christina Howe, by and through undersigned counsel, as her Complaint against Defendant Wilson Sporting Goods Co. ("Wilson"), states and avers the following:

## PARTIES AND VENUE

1. Howe is a resident of the city of Kenton, Hardin County, Ohio.

2. At all times herein, Howe was acting in the course and scope of her employment.

3. Wilson is a foreign corporation that does business at 217 Liberty Street, Ada, Hardin County, Ohio 45810.

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Howe is alleging a Federal Law Claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; and the Family & Medical Leave Act ("FMLA"), 29 U.S.C § 2601 *et seq.*

5. All material events alleged in this Complaint occurred in Hardin County, Ohio.

6. This Court has supplemental jurisdiction over Howe's state law claims pursuant to 28 U.S.C. § 1367 as Howe's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

8. Within 300 days of the conduct alleged below, Howe filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 471-2021-00267 against Wilson ("Howe EEOC Charge").

9. On or about May 20, 2021, the EEOC issued a Notice of Right to Sue letter to Howe regarding the Howe EEOC Charge.

10. Howe received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

11. Howe has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

12. Howe has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## **FACTS**

13. On or about February 2, 2002, Howe began working for Wilson.

14. Wilson employed Howe as a lacer.

15. Wilson was, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C § 2611(4).

16. Howe's son has a rare form of epilepsy called Dravet Syndrome.

17. Dravet Syndrome is a serious health condition within the meaning of FMLA.

18. Dravet Syndrome is a physical and/or mental impairment.

19. Howe's son is significantly limited in one or more major life activities because of his Dravet Syndrome.

20. Howe's son has a record of physical and/or mental impairment.

21. Wilson perceived Howe's son as disabled.

22. In or about October 2019, Howe applied for intermittent FMLA leave due to her son's condition.

23. In or about October 2019, Wilson approved Howe's request for intermittent FMLA leave.

24. Despite approving Howe for intermittent FMLA leave, Wilson gave Howe disciplinary points when she missed work due to her son's health.

25. On or about February 19, 2020, Wilson terminated Howe's employment ("First Termination").

26. The First Termination was an adverse employment action.

27. The First Termination was an adverse action.

28. Wilson gave Howe the First Termination because she used leave due to her son's condition.

29. Wilson gave Howe the First Termination in order to prevent Howe from using qualified FMLA leave.

30. Wilson gave Howe the First Termination because of her son's disability.

31. On or about March 13, 2020, Wilson reinstated Howe after the First Termination ("Reinstatement").

32. On or about May 6, 2020, Howe's son had a series of seizures.

33. On or about May 6, 2020, Howe called off work due to her son's seizures.

34. On or about May 6, 2020, Wilson terminated Howe's employment ("Second Termination").

35. On or about May 6, 2020, Amy Conway informed Howe about the Second Termination by phone.

36. Conway was human resources manager for Wilson.

37. On or about May 6, 2020, Conway alleged that the reason for the Second Termination was Howe's attendance.

38. Wilson knowingly terminated Howe's employment.

39. Wilson knowingly took an adverse employment action against Howe.

40. Wilson knowingly took an adverse action against Howe.

41. Wilson intentionally terminated Howe's employment.

42. Wilson intentionally took an adverse employment action against Howe.

43. Wilson intentionally took an adverse action against Howe.

44. Wilson knew that terminating Howe would cause Howe harm, including economic harm.

45. Wilson willfully terminated Howe's employment.

46. Wilson willfully took an adverse employment action against Howe.

47. Wilson willfully took an adverse action against Howe.

48. On or about May 6, 2020, Wilson terminated Howe's employment because of her use of qualified FMLA leave.

49. On or about May 6, 2020, Wilson terminated Howe's employment in order to interfere with her ability to use qualified FMLA leave.

50. On or about May 6, 2020, Wilson terminated Howe's employment because of her son's disability.

51. As a direct and proximate result of Wilson's conduct, Howe suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT I: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

52. Howe restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

53. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

54. Wilson is a covered employer under FMLA.

55. During her employment, Howe qualified for FMLA leave.

56. Wilson failed to advise Howe properly of her rights under FMLA.

57. Wilson gave Howe the First Termination in order to prevent her from using FMLA leave.

58. Wilson gave Howe the Second Termination in order to prevent her from using FMLA leave.

59. Wilson unlawfully interfered with Howe's exercise of her rights under FMLA in violation of Section 105 of FMLA and section 825.220 of FMLA regulations.

60. As a direct and proximate result of Wilson's conduct, Howe is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT II: RETALIATION IN VIOLATION OF FMLA

61. Howe restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

62. During her employment, Howe utilized FMLA leave.

63. After Howe utilized her qualified FMLA leave, Wilson retaliated against her.

64. Wilson retaliated against Howe by terminating her employment.

65. Wilson willfully retaliated against Howe in violation of 29 U.S.C. § 2615(a).

66. As a direct and proximate result of Wilson's wrongful conduct, Howe is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

### COUNT III: DISABILITY DISCRIMINATION IN VIOLATION OF ADA

67. Howe restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

68. Howe's son has a disability.

69. Wilson was aware that Howe's son has a disability.

70. Wilson terminated Howe's employment based on her son's disability.

71. Wilson terminated Howe's employment based on her son's perceived disability.

72. Wilson violated ADA when it discharged Howe based on her son's disability.

73. Wilson violated ADA when it discharged Howe based on her son's perceived disability.

74. Wilson violated ADA by discriminating against Howe based on her son's disabling condition.

75. Wilson violated ADA by discriminating against Howe based on her son's perceived disabling condition.

76. As a direct and proximate result of Wilson's conduct, Howe suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT IV: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

77. Howe restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

78. Howe's son has a disability.

79. Wilson was aware that Howe's son has a disability.

80. Wilson terminated Howe's employment based on her son's disability.

81. Wilson terminated Howe's employment based on her son's perceived disability.

82. Wilson violated R.C. § 4112.02 when it discharged Howe based on her son's disability.

83. Wilson violated R.C. § 4112.02 when it discharged Howe based on her son's perceived disability.

84. Wilson violated R.C. § 4112.02 by discriminating against Howe based on her son's disabling condition.

85. Wilson violated R.C. § 4112.02 by discriminating against Howe based on her son's perceived disabling condition.

86. As a direct and proximate result of Wilson's conduct, Howe suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Howe respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i) Requiring Wilson to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    (v)    Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Wilson to restore Howe to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(c) An award against Defendant of compensatory and monetary damages to compensate Howe for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys' fees and non-taxable costs for Howe claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

    Respectfully submitted,

*/s/ Sean Costello*
Sean Costello (0068612)
Trisha Breedlove (0095852)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email: sean.costello@spitzlawfirm.com
Email: trisha.breedlove@spitzlawfirm.com
*Attorneys for Plaintiff Christina Howe*

## JURY DEMAND

Plaintiff Howe demands a trial by jury by the maximum number of jurors permitted.

                                                            */s/ Sean Costello*
                                                            Sean Costello (0068612)
                                                            Trisha Breedlove (0095852)