IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTINA HOWE | ) | CASE NO: 3:21-CV-01530 |
| | ) | JUDGE JAMES G. CARR |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WILSON SPORTING GOODS CO. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF**

For its Answer to Plaintiff Christina Howe's (Plaintiff") Complaint For Damages and Injunctive Relief (the "Complaint"), Defendant Wilson Sporting Goods Co. ("Wilson" or "Defendant"), makes the following admissions, denials, statements, and defenses:

**PARTIES AND VENUE**

1. Defendant, upon information and belief, admits Plaintiff is a resident of Kenton, Hardin County Ohio, but denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3. In response to Paragraph 3 of the Complaint, Defendant states that Wilson Sporting Goods Co. does business at 217 Liberty Street, Ada, Ohio, but denies the remaining allegations.

4. Defendant admits that this Court has subject matter jurisdiction over Plaintiff's Complaint, but denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits that the allegations alleged in the Complaint occurred within Hardin County, Ohio, but denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits that this Court has supplemental jurisdiction over the state law claims set forth in Plaintiff's Complaint, but denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits that venue is appropriate in this Court, but denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint contains a legal conclusion to which no response is required. To the extent that this Court deems a response appropriate, Defendant denies the allegations contained in Paragraph 8 of the Complaint. Defendant further avers that the EEOC's dismissal is attached as Exhibit 5.

9. Paragraph 9 of the Complaint contains a legal conclusion to which no response is required. To the extent that this Court deems a response appropriate, Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint contains a legal conclusion to which no response is required. To the extent that this Court deems a response appropriate, Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint contains a legal conclusion to which no response is required. To the extent that this Court deems a response appropriate, Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

**FACTS**

13. Defendant admits that Plaintiff is a former union employee of Defendant, but denies the remaining allegations contained in Paragraph 13 of the Complaint. Further answering, the collective bargaining agreement (the "CBA") governing Plaintiff's employment with Defendant is attached hereto as Exhibit 1.

14. Defendant admits that Plaintiff is a former employee and that Plaintiff held the lacer position under the CBA, but denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint contains a legal conclusion to which no response is required. To the extent that this Court deems a response appropriate, Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant is without sufficient information or knowledge to respond to the allegations contained in Paragraph 16 of the Complaint, and therefore denies the allegations contained in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint contains a legal conclusion to which no response is required. To the extent that this Court deems a response appropriate, Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant is without sufficient information or knowledge to respond to the allegations contained in Paragraph 18 of the Complaint, and therefore denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant is without sufficient information or knowledge to respond to the allegations contained in Paragraph 19 of the Complaint, and therefore denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant is without sufficient information or knowledge to respond to the allegations contained in Paragraph 20 of the Complaint, and therefore denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant admits that Plaintiff applied and was approved for FMLA during her employment with Defendant, but denies the remaining allegations contained in Paragraph 22 of the Complaint. Defendant further avers that Plaintiff was not eligible for FMLA at the time of her termination.

23. Defendant admits that Plaintiff applied and was approved for FMLA during her employment with Defendant, but denies the remaining allegations contained in Paragraph 23 of the Complaint. Defendant further avers that Plaintiff was not eligible for FMLA at the time of her termination.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant admits that Plaintiff was subject to discharge under the CBA, but denies the remaining allegations contained in Paragraph 24 of the Complaint. Further answering, in order to avoid discharge, Plaintiff and her union representative executed a last chance agreement that is attached hereto as Exhibit 2.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant admits that Plaintiff remained employed with Defendant pursuant to the last chance agreement, but denies remaining the allegations contained in Paragraph 31 of the Complaint.

32. Defendant is without sufficient information or knowledge to respond to the allegations contained in Paragraph 32 of the Complaint.

33. Defendant is without sufficient information or knowledge to respond to the allegations contained in Paragraph 33 of the Complaint.

34. Defendant admits that Plaintiff violated the last chance agreement and was discharged, but denies the remaining allegations contained in Paragraph 34 of the Complaint. Further answering, Defendant states that Plaintiff's union did not file a grievance concerning the discharge under the CBA.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant admits the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint. Further answering, Defendant states that Plaintiff sought unemployment compensation benefits, but the Ohio unemployment compensation bureau denied Plaintiff's benefits because Plaintiff was discharged for just cause. A copy of the decision is attached as Exhibit 3. The bureau also denied Plaintiff's appeal. A copy of the decision of the appeal is attached as Exhibit 4.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint. Further answering, Plaintiff was not eligible for FMLA leave at the time of her discharge.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

## COUNT I: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

52. Defendant incorporates its responses to Paragraphs 1 through 51 of the Complaint as if fully restated herein.

53. Paragraph 53 of the Complaint contains a legal conclusion to which no response is required. To the extent that this Court deems a response appropriate, Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

## COUNT II: RETALIATION IN VIOLATION OF FMLA

61. Defendant incorporates its responses to Paragraphs 1 through 60 of the Complaint as if fully restated herein.

62. Defendant admits the allegations contained in Paragraph 62 of the Complaint. Defendant further avers that Plaintiff was not eligible for FMLA at the time of her termination.

63. Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of the Complaint.

## COUNT III: DISABILITY DISCRIMINATION IN VIOLATION OF ADA

67. Defendant incorporates its responses to Paragraphs 1 through 66 of the Complaint as if fully restated herein.

68. Defendant is without sufficient information or knowledge to respond to the allegations contained in Paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70. Defendant denied the allegations contained in Paragraph 70 of the Complaint.

71. Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72. Defendant denied the allegations contained in Paragraph 72 of the Complaint.

73. Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74. Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75. Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76. Defendant denies the allegations contained in Paragraph 76 of the Complaint.

### COUNT IV: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

77. Defendant incorporates its responses to Paragraph 1 through 76 of the Complaint as if fully restated herein.

78. Defendant is without sufficient information or knowledge to respond to the allegations contained in Paragraph 78 of the Complaint.

79. Defendant denies the allegations contained in Paragraph 79 of the Complaint.

80. Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81. Defendant denies the allegations contained in Paragraph 81 of the Complaint.

82. Defendant denies the allegations contained in Paragraph 82 of the Complaint.

83. Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84. Defendant denies the allegations contained in Paragraph 84 of the Complaint.

85. Defendant denies the allegations contained in Paragraph 85 of the Complaint.

86. Defendant denies the allegations contained in Paragraph 86 of the Complaint.

87. Defendant denies the allegations contained in the Demand for Relief section of the complaint.

88. Defendant denies every allegation contained in the Complaint not specifically admitted to be true herein.

### AFFIRMATIVE DEFENSES

Defendant assert the following affirmative defenses in response to Plaintiff's Complaint. By pleading these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. In addition, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's Complaint is barred by the doctrines of laches, waiver, estoppel, ratification, acquiescence, accord and satisfaction, and/or unclean hands.

3. Plaintiff's Complaint is untimely and is barred by the applicable limitations and/or statute of limitations period.

4. Plaintiff failed to exhaust her administrative remedies.

5. Plaintiff is estopped by her own acts or omissions from bringing some or all of the claims in the Complaint.

6. Plaintiff has not sustained any damages proximately caused or actually caused by Defendant.

7. Plaintiff's disability claims fail because Plaintiff is not disabled and she cannot assert state or federal disability claims based on a third party's alleged disability.

8. Plaintiff's disability claims fail because Defendant does not have to accommodate a third party's disability.

9. Plaintiff's claims fail because some or all of them are barred by the collective bargaining agreement governing Plaintiff's employment.

10. Plaintiff's claims fail because she was not eligible for FMLA leave at the time of her discharge.

11. Plaintiff claims fail because she cannot meet the but for standard of retaliation.

12. Plaintiff's claims are barred, in whole or in part, because she failed to mitigate her damages and/or alleged injuries.

13. Plaintiff's claims are barred because all of the decisions and actions toward Plaintiff were taken in good faith and for legitimate, non-retaliatory, non-discriminatory reasons unrelated to any alleged protected activity.

14. Plaintiff's claims are barred on the grounds that Plaintiff failed to provide notice to Defendant of any discrimination or retaliation, if any, and/or failed to pursue internal procedures to remedy any such complaints or problems, and had Plaintiff utilized these procedures some or all of the harm allegedly suffered would have been prevented.

15. To the extent that Plaintiff complained about any alleged unlawful discriminatory conduct, Defendant took prompt remedial measures reasonably calculated to end any alleged unlawful discrimination.

16. Some or all of Plaintiff's claims lack legal and factual support to be asserted and are brought in bad faith.

17. Plaintiff's claims fail because Defendant acted in good faith at all times.

18. Some or all of Plaintiff's claims are limited and/or barred by Ohio's Tort Reform Act.

19. Plaintiff has not and is not suffering from emotional distress.

20. To the extent that Plaintiff claims punitive damages in her Complaint – which Defendant denies – the claim is barred because the alleged acts or omissions of Defendant: (1) do not rise to the level required to sustain an award of punitive damages; (2) do not evidence malicious, reckless, or fraudulent intent to deny Plaintiff her protected rights; (3) are not so wanton or willful as to support an award of punitive damages; and (4) do not otherwise entitle Plaintiff to punitive damages.

21. One or more of Plaintiff's claims fail as a matter of law because Plaintiff failed to engage in any protected activity.

22. To the extent that Plaintiff claims punitive damages in her Complaint – which Defendant denies – the claim is barred because any allegedly discriminatory behavior is contrary to Defendant's good faith efforts to comply with all applicable state and federal laws.

23. To the extent that Plaintiff claims punitive damages in her Complaint – which Defendant denies – the claim is barred and any award of such damages would violate Defendant's rights under the federal and state constitutions.

24. To the extent Plaintiff suffered any symptoms of emotional distress or injury, they were the result of a pre-existing psychological disorder or other causes or factors, and not the result of any act or omission of Defendant.

25. Plaintiff was treated the same as all other employees, regardless of her engaging in any protected activity.

26. One or more of Plaintiff's claims fail as a matter of law because Plaintiff failed to request a reasonable accommodation.

27. One or more of Plaintiff's claims fail as a matter of law because Plaintiff's alleged accommodation request – the existence of which Defendants denies – proposed an undue burden and/or expense upon Defendants.

28. One or more of Plaintiff's claims fail because Plaintiff is not, nor was during the time alleges in her Complaint, disabled.

29. Plaintiff's claims fail because she executed the last chance agreement and was discharged pursuant to the last chance agreement.

30. Plaintiff's claims fail because she was treated the same as other union employees.

31. Defendant reserve the right to assert additional affirmative defenses at such time and to such extent as is warranted by discovery and developments in this case

WHEREFORE, Defendant demands that Plaintiff's Complaint be dismissed in its entirety, with prejudice, that judgment be entered in Defendant's favor, and that Defendant recover its expenses, including reasonable attorneys' fees, and such other and further relief to which it may be entitled at law or in equity or as this Curt deems just and appropriate.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street, Suite 2250
Cleveland, OH 44114
Phone: (216) 344-9422
Fax: (216) 344-9421
David.a.campbell@lewisbrisbois.com
*Attorney for Defendant*

4833-5493-8622.1

12

**CERTIFICATE OF SERVICE**

The undersigned herby certifies that on the 5th day of October, 2021, a true and accurate copy of foregoing was filed electronically. Notice of this filing was sent to all parties by operation of the Court's ECF system. Parties may access this filing through the Court's electronic filing system.

                                                              */s/ David A. Campbell*
                                                              David A. Campbell (0066494)

                                                              *Attorney for Defendant*