WILSON SPORTING GOODS CO.
217 LIBERTY ST
ADA, OH 45810-1135





Docket No: H-2020010484

**State of Ohio**
**Unemployment Compensation Review Commission**
P.O. Box 182299
Columbus, Ohio 43218-2299



## DECISION

**In re claim of:**
Christina M. Howe - Appellant

**Employer:**
Wilson Sporting Goods Co.
UCO No.: 0628267003-0000

### CASE HISTORY

The claimant, Christina M. Howe, filed an Application for Determination of Benefit Rights.

On June 1, 2020, the Director issued an Initial Determination disallowing claimant's application, based upon the finding that claimant was discharged from employment with Wilson Sporting Goods Co. for just cause in connection with work. It was further held that no benefits will be paid until claimant obtains covered employment, works six weeks, earns wages of $1,614.00 or more and is otherwise eligible. Other matters may have been addressed by the Initial Determination which are not relevant to this case.

On June 8, 2020, the claimant filed an appeal from the Initial Determination.

On June 30, 2020, the Ohio Department of Job and Family Services transferred jurisdiction to the Unemployment Compensation Review Commission.

On July 24, 2020, a hearing was held before Hearing Officer John Izzo, by telephone. The claimant was present. Denise Williams, union president, was subpoenaed by the claimant. The employer as represented by attorney David Campbell. Amy Conway, human resources manager, testified on behalf of the employer.

### FINDINGS OF FACT

Claimant began working for employer in February 2002. She was a lacer. Claimant was familiar with employer's Absence Procedures and Guidelines. This was a no-fault policy. She received it as recently as June 22, 2018. Occurrences accrue for a variety of reasons, including calling off late or being absent one or more days. Occurrences accrued over a rolling twelve-month period. Seven and a half occurrences of absence, lateness, or leaving early resulted in termination. Employees must call off within two hours of their scheduled start time.

Claimant entered into a last chance agreement with employer on or about March 11, 2020. The basis for the last chance agreement was claimant accruing seven and a half occurrences on February 11, 2020. In lieu of termination, claimant was placed on a last chance agreement. As a condition of the last chance agreement, claimant was to have no occurrences, no overtime issues, and no disciplinary issues and could not use make-up

time through February 20, 2021. Any violation of these issues would result in termination of her employment. Should a situation arise, she must personally speak with her supervisor, or Human Resources, and it would be reviewed on a case by case basis.

Claimant overslept on May 6, 2020. Her son has a rare form of epilepsy. She was up with him all night. Claimant intended on going into work. However, she fell asleep while taking care of her son and did not set her alarm. Claimant was due at work at 6:00 am, but did not call off work until 9:00 am, an hour late. She did not appear at work on May 6, 2020.

Claimant was terminated on May 8, 2020, for violating the last chance agreement.

Claimant thought the reason she did not appear for work on May 6, as well as the reason she failed to timely call off, were the type of situation which would not count against her, according to the last chance agreement. Employer stated that the late call off and the unapproved absence on May 6 were both violations of the last chance agreement. The leave was not approved because claimant had not worked long enough to be eligible for FMLA. Claimant also disputed she had seven and a half occurrences on February 11, 2020, however she did sign the last chance agreement.

Claimant's exhibits were admitted without objection.

**ISSUE**

      Was claimant discharged by Wilson Sporting Goods Co. for just cause in connection with work?

**LAW**

      An individual is not eligible for benefits if the individual was discharged for just cause in connection with work. The individual will remain ineligible until the individual obtains another job covered by an unemployment compensation law, works six weeks, and earns at least $1,614.00 and is otherwise eligible. *Section 4141.29 (D) (2) (a) and 4141.29 (G) O.R.C.* For applications filed on and after August 1, 2004, a non-disqualifying separation from employment is a requirement for a valid application. *Section 4141.01 (R) (2) O.R.C.*

**REASONING**

"Just cause for dismissal exists when an employee's actions demonstrate an unreasonable disregard for an employer's best interest." *Janovsky v. Ohio Bur. Of Emp. Servs.*, 108 Ohio App.3d 690, 694 (2d Dist.1996). Claimant was aware of the terms of the last chance agreement. Any attendance issue could be grounds for termination. The last chance agreement was violated on May 6 when claimant called off late and had an unapproved absence. Based upon the evidence presented, the Hearing Officer finds the claimant committed sufficient misconduct to justify her discharge. Under the circumstances, this Hearing Officer finds that claimant was discharged by Wilson Sporting Goods Co. with just cause in connection with work.

**DECISION**

The Director's Initial Determination, issued June 1, 2020, is affirmed with respect to claimant's separation from Wilson Sporting Goods Co.

Claimant's Application for Determination of Benefit Rights is disallowed as claimant was separated from employment under disqualifying conditions. Specifically, claimant was discharged by Wilson Sporting Goods Co. for just cause in connection with work. No benefits will be payable until claimant works in six weeks of covered employment and earns at least $1,614.00 and is otherwise eligible.

This decision rules only on the issue(s) set forth above.

John Izzo, Hearing Officer

JAI

OJI Determination #: 233272222

**APPEAL RIGHTS**

This decision was mailed on :   July 27, 2020

A Request for Review before the U.C. Review Commission may be filed by any interested party within twenty-one calendar days after this decision is mailed. Said twenty-one day period is calculated to end on August 17, 2020.

This decision of the Review Commission will be final if not appealed within the time limit described above.

The Request for Review must be in writing and signed by the appealing party or an authorized representative. The request should set forth the reasons why the appellant disagrees with the Hearing Officer's decision. You may file your Request for Review by mailing it to the U.C. Review Commission, PO Box 182299, Columbus, Ohio 43218-2299, or by faxing it to (614) 387-3694.

This decision was sent to the following:

Christina M. Howe - Interested Party
326 SUMMIT ST
KENTON, OH 43326-1530
Via Email


Wilson Sporting Goods Co. - Interested Party
217 LIBERTY ST
ADA, OH 45810-1135


Attn: Wilson Sporting Goods Co.
UC EXPRESS - Interested Party
PO Box 182366
Columbus, OH 43218-2366