IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTINA HOWE | ) | CASE NO: 3:21-CV-01530 |
| | ) | JUDGE JAMES G. CARR |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JURY TRIAL DEMAND |
| | ) | |
| WILSON SPORTING GOODS CO. | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT WILSON SPORTING GOODS CO.'S
## MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendant Wilson Sporting Goods Co. ("Wilson" or "Defendant") respectfully moves for judgment on the pleadings on all claims asserted in Plaintiff Christina Howe's ("Howe" or "Plaintiff") Complaint. (ECF #1). Based on the pleadings, Plaintiff's claims do not state a claim upon which relief can be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020).

Counts I and II relate to allegations under the Family and Medical Leave Act ("FMLA"). Judgment should be granted in favor of Wilson on these claims, because Howe was terminated for just cause, and because she was not FMLA-eligible at the time of discharge. Counts III and IV purport to arise out of the Americans with Disabilities Act ("ADA") and the equivalent state statute found in Ohio Revised Code Section 4112.01. More specifically, Howe alleges she missed work because of her son's disability, not her own disability. The ADA and R.C. Section 4112.01 do not require an employer to provide accommodations for the disability of an employee's relative. The law does not extend so far as to require accommodations for alleged disabilities of an employee's

1

relative. Therefore, judgment should be granted in favor of Wilson because, even if true, Counts III and IV fail to state a claim for relief.

This Motion is supported by the attached Memorandum in Support, the Complaint, Defendant's Answer, and the documents attached to Defendant's Answer.

                                                Respectfully submitted,

                                                */s/ David A. Campbell*
                                                David A. Campbell (0066494)
                                                Lewis Brisbois Bisgaard & Smith, LLP
                                                1375 E. 9th Street, Suite 2250
                                                Cleveland, OH 44114
                                                Phone: (216) 298-1262
                                                Fax: (216) 344-9421
                                                david.a.campbell@lewisbrisbois.com

                                                *Attorneys for Defendant*

**MEMORANDUM IN SUPPORT**

**I.      INTRODUCTION**

Plaintiff Christina Howe ("Howe" or "Plaintiff") was an employee of Defendant Wilson Sporting Goods Co. ("Wilson" or "Defendant") in Wilson's plant located in Ada, Ohio, where Wilson manufactures footballs. Howe was a union employee and her employment with Wilson was governed by a collective bargaining agreement. (D.I. 6, Wilson's Answer, Ex. 1, collective bargaining agreement).

Howe accrued multiple occurrences for being late and/or absent from work. Rather than termination, Howe entered into a last chance agreement with Wilson on March 11, 2020. (D.I. 6, Wilson's Answer, Ex. 2, last chance agreement). She subsequently violated her last chance agreement, which resulted in her termination. On July 27, 2020, the Unemployment Compensation Review Commission for the State of Ohio found that Howe was dismissed for "just cause," and that she was not eligible for the Family and Medical Leave Act ("FMLA"). (D.I. 6, Wilson's Answer, Ex. 3, Ohio Unemployment Commission decision).

Howe's Counts I and II relate to allegations under the Family and Medical Leave Act ("FMLA"). Judgment should be granted in favor of Wilson, because Howe was terminated for just cause, and because she was not FMLA-eligible at the time of discharge. Counts III and IV purport to arise out of the Americans with Disabilities Act ("ADA") and the equivalent state statute found in Ohio Revised Code Section 4112.01. More specifically, Howe alleges she missed work because of her son's disability, not her own disability. The ADA and R.C. Section 4112.01 do not require an employer to provide accommodation for the disability of an employee's relative. The law does not extend so far as to require accommodations for alleged disabilities of an employee's relative.

Therefore, judgment should be granted in favor of Wilson because, even if true, Counts III and IV fail to state a claim for relief.

## II. THE PLEADINGS

Wilson employed Howe as a lacer at its facility in Ada, Ohio, where Wilson manufactures footballs. Howe accrued seven and a half occurrences (*i.e.*, calling off late or being absent one or more days) over a twelve-month period. In lieu of termination, Wilson and Howe entered into a last chance agreement on or about March 11, 2020. As a condition of the last chance agreement, Howe was to have no occurrences, no overtime issues, and no disciplinary issues. (D.I. 6, Ex. 2). On May 6, 2020, Howe was due at work at 6:00 am, but did not call off work until around 9:00 am and did not appear for work that day. Her absence was a violation of the last chance agreement, leading to her termination. Further, her absence was not covered by FMLA because, among other things, she had not worked enough hours to be eligible for FMLA.

After her termination, Howe filed an Application for Determination of Benefit Rights before the Unemployment Compensation Review Commission for the State of Ohio (the "Ohio Unemployment Commission"). The Ohio Unemployment Commission held a hearing on July 24, 2020, after which it determined that "[t]he last chance agreement was violated on May 6 when [Howe] called off late and had an unapproved absence." (D.I. 6, Ex. 3 at p. 4). Based on this, the Ohio Unemployment Commission determined that Howe "committed sufficient misconduct to justify her discharge," and that she was "discharged by [Wilson] with ***just cause in connection with work***." (*Id.*) (emphasis added).

Howe appealed the Ohio Unemployment Commission unsuccessfully. The decision finding that Howe was discharged "with just cause" was confirmed by the Unemployment Compensation Review Commission on September 30, 2020. (D.I. 6, Wilson's Answer, Ex. 4,

Decision on Request for Review Affirming Hearing Officer). Howe then filed a charge with the Equal Employment and Opportunity Commission (the "EEOC"). The EEOC declined to continue to process Howe's charge. Instead, the EEOC terminated Howe's charge. The present case seeks to re-litigate issues already decided by the Ohio Unemployment Commission (including an appeal to the Unemployment Compensation Review Commission) and the EEOC. The Court should enter judgment on the pleadings in Wilson's favor because the relevant facts are uncontested and compel a finding that Howe's discharge was lawful and with just cause. It has already been determined that Howe was terminated for just cause, and, in any event, she was not eligible for FMLA. Moreover, Howe does not allege that she herself has a disability and is therefore not entitled to any accommodations under the ADA. Even if the complaint is taken as true, it fails to state a claim upon which relief could be granted.

### III. APPLICABLE LEGAL STANDARD

Fed. R. Civ. P. 12(c) provides that, once "the pleadings are closed," a party may "move for judgment on the pleadings." The Sixth Circuit applies the same standard to a Rule 12(c) motion for judgment on the pleadings as to a motion to dismiss under Rule 12(b)(6). *Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012). "The only difference between Rule 12(c) and Rule 12(b)(6) is timing." *Desai v. Geico Casualty Company*, -- F. Supp. 3d --, 2021 WL 2069546 *3, (N.D. Ohio May 24, 2021) (citing *Hunter v. Ohio Veterans Home*, 272 F. Supp. 2d 692, 694 (N.D. Ohio 2003). Here, the pleadings are closed because Wilson has answered Howe's Complaint, making the present motion under Rule 12(c) appropriate.

"A motion for judgment on the pleadings … generally follows the same rules as a motion to dismiss the complaint under Rule 12(b)(6)." *Id*. (internal citation omitted). "A court evaluating [a Rule 12(c) motion] thus must follow the Supreme Court's changes to the pleading standards in

5

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020). This Court should grant judgment in favor of Wilson because Howe's complaint cannot satisfy the Supreme Court's pleading standard set forth in the *Iqbal* and *Twombly* decisions. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 550 U.S. at 555. Importantly, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).

When considering a motion pursuant to Rule 12(b)(6) or Rule 12(c), courts should consider the complaint, the defendant's motion to dismiss, as well as "public records and matters of which a court may take judicial notice." *Clark v. Walt Disney Co.*, 642 F. Supp. 2d 775, 782 (S.D. Ohio, June 19, 2009) (citing *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999)) (abrogated on other grounds). Examples of public records include "letter decisions of governmental agencies" *Armengau v. Cline*, 7 Fed. Appx. 336 (6th Cir. 2001) (unpublished) as well as "other court actions." *Pinnacle Surety Services, Inc. v. Manion Stigger, LLP* 2018 WL 1522698, *3 (W.D. Ky., Mar. 28, 2018).

In the present case, Howe's complaint, together with decisions from the Ohio Unemployment Commission (including an appeal to the Unemployment Compensation Review

6

Commission) and the EEOC establish that Howe has no plausible claim for relief. Judgment should be granted for Wilson pursuant to Rule 12(c).

IV. **ARGUMENT**

In deciding the present motion, the Court must consider the decisions from the Ohio Unemployment Commission (D.I. 6, Ex. 3), the appeal to the Unemployment Compensation Review Commission (D.I. 6, Ex. 4), and the EEOC (D.I. 6, Ex 5, EEOC Dismissal), because they are a type of public record attached to Wilson's answer. Notably, the timeline to appeal the Ohio Unemployment Commission has expired. Therefore, the attachments to Wilson's answer establish that Howe was not FMLA-eligible at the time of discharge, and that Howe was terminated for "just cause." The facts are uncontroverted and therefore Howe has not and cannot plead any facts that would give her claim the "facial plausibility" required under the Supreme Court's pleading standard articulated in *Iqbal* and *Twombly*. Judgment in favor of Wilson is appropriate.

> A. **Counts I and II must be dismissed because Howe was not FMLA-eligible at the time of discharge and in any event, she was terminated for "just cause."**

Count I alleges unlawful interference with FMLA rights. To establish a prima facie case of interference under the FMLA, Howe must allege that: "(1) she was an eligible employee; (2) the defendant was an employer as defined under the FMLA; (3) the employee was entitled to leave under the FMLA; (4) the employee gave the employer notice of her intention to take leave; and (5) the employer denied the employee FMLA benefits to which she was entitled." *Adams v. Valega's Prof. Home Cleaning, Inc.*, 2012 WL 5386028 (N.D. Ohio, Nov. 2, 2012). Here, Howe cannot plausibly allege she was entitled to FMLA and therefore she cannot maintain a claim for interference with FMLA rights (since no FMLA rights exist in the first place).

The uncontroverted facts are that, at the time of her discharge, Howe "had not worked long enough to be eligible for FMLA." (D.I. 6, Ex 3, p. 4). Even if Howe now alleges she was FMLA

7

eligible, such an unsupported allegation would not have "facial plausibility" as it would directly contradict the decision of the Ohio Unemployment Commission, which can no longer be appealed. Because Howe was not eligible for FMLA, it follows that her FMLA claims must fail. For example, Howe cannot plausibly allege necessary elements, such as that "(3) [she] was entitled to leave under the FMLA," or that Wilson "denied [Howe] FMLA benefits to which she was entitled." *Id*. An employee who is not eligible for FMLA cannot bring a claim for interference or retaliation. Here, the Ohio Unemployment Commission already found that Howe was terminated for "just cause," which further undercuts Howe's argument that her termination interfered with her FMLA rights. For at least this reason, judgment must be granted in favor of Wilson with respect to Count I.

Count II is similar to Count I, but alleges retaliation, rather than interference, under the FMLA. To state a claim for retaliation under the FMLA, Howe would have to plausibly allege that: "(1) she was engaged in an activity protected by the FMLA; (2) the employer knew that she was exercising her rights under the FMLA; (3) after learning of the employee's exercise of FMLA rights, the employer took an employment action adverse to her; and (4) there was a causal connection between the protected FMLA activity and the adverse employment action." *Adams*, 2012 WL 5386028 at * 15. As already described above, the uncontroverted facts demonstrate that Howe was not eligible for FMLA, and therefore she cannot plausibly plead that "(1) she was engaged in an activity protected by the FMLA." *Id*. As such, judgment on Count II must be granted in favor of Wilson.

Count II fails for the additional reason that Howe cannot plausibly plead a causal connection between the allegedly protected FMLA activity and her termination. The reason for Howe's termination was her breach of the last chance agreement. As recognized in the decision of

the Ohio Unemployment Commission, "[j]ust cause for dismissal exists when an employee's actions demonstrate an unreasonable disregard for an employer's best interest." (D.I. --, Ex 3, p. 4) (citing *Janovsky v. Ohio Bur. Of Emp. Servs.*, 108 Ohio App. 3d 690, 694 (2d Dist. 1996)). The Ohio Unemployment Commission found that Howe was aware of the terms of the last chance agreement, that any attendance issue could be grounds for termination, and that Howe violated the last chance agreement when she called off late on May 6, 2020, for an unapproved absence. Based on this, Howe was found to have "committed sufficient misconduct to justify her discharge" and her discharge was "with just cause in connection with work." (*Id.*).

In this case, Howe cannot plausibly establish that "there was a causal connection between the protected FMLA activity and the adverse employment action." *Adams*, 2012 WL 5386028 at *15. Aside from the fact that Howe was not even eligible for FMLA, the Ohio Unemployment Commission already determined that her discharge was justified in view of her breach of her last chance agreement. There is nothing unlawful about terminating an employee, even if the employee were FMLA eligible, "if the dismissal would have occurred regardless of the employee's request for or taking of FMLA leave." *Arban v. West Publ'g Corp.*, 345 F.3d 390, 401 (6th Cir. 2003); (citing *Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1262 (10th Cir. 1998)) ("[A]n employee who requests FMLA leave would have no greater protection against his or her employment being terminated for reasons not related to his or her FMLA request than he or she did before submitting that request."). Wilson did in fact terminate Howe for reasons that have nothing to do with her alleged request for FMLA leave, as already determined by the Ohio Unemployment Commission. Even Howe's own Complaint recognizes that "[Wilson] alleged that the reason for the Second Termination was Howe's attendance." (D.I. 1, Howe's Complaint, ¶ 37). Wilson is therefore

entitled to judgment on the pleadings with respect to Count II because Howe cannot plausibly plead that the reason for her discharge had anything to do with an alleged FMLA request.

### B. Counts III and IV must be dismissed because the ADA and R.C. Section 4112.01 do not extend to disabled relatives.

Counts III and IV fail as a matter of law because Howe does not allege that she herself had any disabilities that caused her to miss work on May 6, 2020. At best, Howe only alleges she missed work due to her son's disability (D.I. 1, Howe's Complaint, at ¶¶ 68, 78), which is not protected by the ADA or R. C. § 4112.01. Simply put, the law does not require Wilson to accommodate a non-disabled employee based on a relative's disability.

With respect to discrimination under the ADA (Count III), the law does not require employers to accommodate an alleged disability of an employee's relative, which is what Howe has alleged in the present case. "The Sixth Circuit has noted that 'employers are not required to provide reasonable accommodations to non-disabled workers under this section of the [ADA].'" *Adams*, 2012 WL 5386028 at *7 (citing *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486-87 (6th Cir. 2011)). For example, "[i]f [an employee] violates a neutral employer policy concerning attendance or tardiness, he or she may be dismissed even if the reason for the absence or tardiness is to care for the spouse. The employer need not provide any accommodation to the nondisabled employee." *Adams*, 2012 WL 5386028 at *8. As applied to the present case, Wilson is not and was not required to accommodate Howe's absence on May 6, 2020, because Howe does not and cannot allege that she missed work on May 6 due to her own disability. The Complaint fails to state a claim upon which relief can be granted because, even if taken as true, the law does not provide relief for an employee who misses work to care for a relative. Howe cannot plausibly plead a claim for discrimination under the ADA for the additional reason that the Ohio Unemployment Commission already found that her termination was with "just cause," as her

absence of May 6 was a violation of her last chance agreement. Count III does not state a claim for which relief could be granted and therefore Wilson is entitled to judgment under Rule 12(c).

Count IV, which alleges discrimination under Ohio's Revised Code Section 4112.01 *et seq.*, fails for the same reasons. The elements for discrimination under the Ohio statute do not extend to disabled family members. To establish a claim for discrimination under the Ohio statute, Howe would have to allege "(1) that [she] was disabled; (2) that an adverse employment action was taken by an employer, at least in part, because the individual was disabled, and (3) that the person, though disabled, can safely and substantially perform the essential function of the job in question." *Mattessich v. Weathersfield Twp.* 2016-Ohio-458, ¶ 38, 59 N.E.3d 629, 635 (11th Dist., Feb. 8 2016). Howe fails to satisfy any of the elements (1) through (3), above, as she does not allege that she herself was disabled. Howe's Complaint lacks any allegations explaining how or why the Ohio statute would require an employer to accommodate a non-disabled employee. As with the ADA, the Ohio statute does not extend so far as to require accommodations for non-disabled employees. See e.g. *House v. Kirtland Cap. Partners*, 2004-Ohio-3688, ¶ 26, 158 Ohio App. 3d 68, 76, 814 N.E.2d 65, 71 (11th Dist., July 9, 2004) ("Because Ohio's handicap-discrimination law was modeled after the federal ADA, Ohio courts may seek guidance when interpreting the Ohio handicap-discrimination statute from regulations and cases that interpret the ADA.") (internal quotations omitted).

Again, Howe does not and cannot credibly allege she is disabled or that an adverse employment action was taken because of her alleged disability. Howe does not allege that she herself is disabled at all and, like the ADA, the Ohio statute does not extend to require accommodations for a disabled relative. Moreover, the fact that the Ohio Unemployment Commission already found that her termination was for just cause, based on her absence of May

6, means that Howe cannot plausibly allege that an adverse employment action was taken at least in part because of a disability. Therefore, Howe has not and cannot state a claim for relief, and judgment for Wilson is appropriate under Rule 12(c).

## V.     CONCLUSION

Howe was terminated for just cause, as her May 6, 2020, absence was unexcused and violated her last chance agreement. Wilson is entitled to judgment on the pleadings with respect to Counts I, II, III, and IV because Howe does not, and cannot, plausibly allege a claim for which relief can be granted. Counts I and II are predicated on FMLA rights, but the decision of the Ohio Unemployment Commission already confirms that Howe was not FMLA eligible at the time of her discharge. Counts III and IV allege disability discrimination, but Howe does not allege that she is disabled. Rather, Howe alleges she missed work on May 6 to care for a disabled relative, which is not protected under the Federal ADA or the equivalent Ohio statute. Finally, the commission's determinations that Howe's termination was with just cause due to her unexcused absence on May 6 directly undercuts all four counts. The fact that she was terminated with just cause precludes the possibility that Wilson acted in a discriminatory or unlawful manner. Therefore, Wilson respectfully requests judgment in its favor concerning each pending claim, and dismissal of the action in its entirety.

Respectfully submitted,

/s/ David A. Campbell
David A. Campbell (0066494)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street, Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned herby certifies that on the 5th day of October, 2021, a true and accurate copy of foregoing was filed electronically.  Notice of this filing was sent to all parties by operation of the Court's ECF system.  Parties may access this filing through the Court's electronic filing system.

*/s/ David A. Campbell*
David A. Campbell (0066494)

*Attorney for Defendant*
